# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| NICHOLAS KRUDY,<br><br>　　Plaintiff,<br><br>vs.<br><br>UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., *ET AL.*<br><br>　　Defendants. | Case No. _____<br><br>Judge _____<br><br><br>Removed from:<br>Court of Common Pleas<br>Cuyahoga County, Ohio<br>Case No. CV-25-124953 |

## NOTICE OF REMOVAL

Defendants University Hospitals Health System, Inc. ("UHHS"), University Hospitals Cleveland Medical Center ("UHCMC"), Lewis Brisbois Bisgaard & Smith LLP ("LBBS"), David A. Campbell, III ("Campbell"), and Donald G. Slezak ("Slezak") (UHHS, UHCMC, LBBS, Campbell, and Slezak are collectively referred to as "Defendants"), by and through counsel, hereby remove to this Court the state court action described herein, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Pursuant to 28 U.S.C. §1446(d) and this Court's Local Rules, copies of this Notice of Removal are being served on all parties at the addresses listed in Plaintiff's state court Complaint and are being filed in the Court of Common Pleas in Cuyahoga County, Ohio.

1.　On September 19, 2025, Plaintiff Nicholas Krudy ("Plaintiff") filed a Complaint for Damages and Request for Jury Trial (the "Complaint") in Cuyahoga County, Ohio, in the Court of Common Pleas, Case No. CV-25-124953 (the "State Court Action").

2.　A true and correct copy of the Complaint, the Docket in the State Court Action, and the Summons are attached hereto as Exhibit 1.

3.　No further pleadings have been made, and no further proceedings have occurred, in the State Court Action.

4. All pleadings in the State Court Action have been attached to this removal.

5. Plaintiff perfected service of the Complaint upon UHHS and UHCMC on September 29, 2025; upon Slezak on September 26, 2025; upon LBBS on September 26, 2025; and was unable to serve Campbell.

6. This Notice of Removal is being filed within 30 days after the first Defendants were served with the Summons and Complaint on September 26, 2025 in the State Court Action and is therefore timely pursuant to 28 U.S.C. §1446(b).

7. The Complaint asserts six causes of action: (1) discrimination in violation of R.C.4112.02(I), *et seq.*; (2) aiding and abetting discrimination in violation of R.C. 4112.02(J), *et seq.*; (3) retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), *et seq.*; (4) retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12203, *et seq.*; (5) retaliation in violation of the Genetic Information Nondiscrimination Act, 42 U.S.C. §2000ff-6(f), *et seq.*; and (6) interference, coercion, or intimidation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12203(b), *et seq.*

8. Defendants have not filed an answer or other responsive pleading in the State Court Action and the time for it to do so has not yet run.

9. Defendants hereby timely remove this action based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

10. The State Court Action is not a non-removable action as described in 28 U.S.C. § 1445.

11. UHHS, UHCMC, Campbell, Slezak, and LBBS all consent to the removal of this action.

12. Plaintiff has alleged violations of federal law.

13. Specifically, Plaintiff's Complaint seeks recovery pursuant to Title VII 42 U.S.C. § 2000e-3(a), *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12203, *et seq.*; the Genetic Information Nondiscrimination Act, 42 U.S.C. §2000ff-6(f), *et seq.*; and the Americans with Disabilities Act, 42 U.S.C. § 12203(b), *et seq.,* all statutes arising under federal law.

14. District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

15. The instance in which "a case arises under federal law" is "when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013).

16. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 because the Complaint involves and is predicated upon a federal question.

17. Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. §§ 1391 and 1441(a), because this District encompass Cuyahoga County, Ohio, where this action is currently pending.

18. Plaintiff's Complaint also asserts state law claims for discrimination under R.C. §4112.

19. Where a complaint alleges causes of action under both federal and state law, district courts have supplemental jurisdiction over the state law claims where the state law claims are so related to the federal law claims that they form part of the same case or controversy. 28 U.S.C. § 1367. Federal and state law claims form a part of the same case or controversy when they arise out of a "common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

20. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same set of facts as Plaintiff's federal law

claim.

21.     Plaintiff's state law claims do not raise novel or complex issues of state law or substantially predominate over the federal claims. 28 U.S.C. § 1367.

22.     Accordingly, Defendants are entitled to remove this action to this Court pursuant to 28 U.S.C. §1441, as this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

23.     This action should be assigned to District Court Judge Danial A. Polster because it is related to a prior case adjudicated and dismissed by Judge Polster, and subsequently affirmed upon appeal by the United States Court of Appeals for the Sixth Circuit. *See John Koe v. University Hospitals Health System, Inc., et al.,* 1:22-CV-01455, in the United States District Court for the Northern District of Ohio.  This case arises out of the same facts, allegations, transaction and occurrence out of the prior case.  Defendants will designate the relate case upon filing this removal.

24.     Defendants will promptly file a copy of this Notice of Removal with the Clerk of Courts for the Cuyahoga County, Court of Common Pleas, in which the action is pending.  A copy of the notice to be filed with the clerk is attached hereto.

WHEREFORE, Defendants respectfully requests the above-captioned action be removed from the Cuyahoga County, Court of Common Pleas, to the United States District Court for the Northern District of Ohio for all further proceedings.

Respectfully submitted,

/s/ *David A. Campbell*
David A. Campbell (0066494)
Donald Slezak (0092422)
**GORDON REES SCULLY MANSUKHANI, LLP**
127 Public Square, Suite 5130
Cleveland, OH 44114
T: (216) 302-2531
F: (614) 360-2130
dcampbell@grsm.com
dslezak@grsm.com

*Attorneys for Defendants University Hospitals Health System, Inc., University Hospitals Cleveland Medical Center, David A Campbell, III and Donald G. Slezak*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served via electronic delivery pursuant to Civ. R. 5(b)(2)(F) or via regular U.S. mail pursuant to Civ. R. 5(b)(c) on the following this 23 day of October 2025:

Nicholas Krudy
PO Box 527
Novelty, OH 44072-0572
T: 330-732-5001
john@johnkoe.org

*Self-represented Plaintiff*

A copy of this filing will also be served upon counsel for Lewis Brisbois Bisgaard & Smith LLP.

    Respectfully submitted,

    */s/ David A. Campbell*
    David A. Campbell (0066494)

    *One of the attorneys for Defendants University Hospitals Health System, Inc., University Hospitals Cleveland Medical Center, David A Campbell, III and Donald G. Slezak*