**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS KRUDY,<br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al.,<br>    Defendants. | CASE NO.: 1:25-cv-02291-PAG<br><br>JUDGE: PATRICIA A. GAUGHAN<br><br>**ANSWER OF DEFENDANT, LEWIS BRISBOIS BISGAARD & SMITH LLP TO PLAINTIFF'S COMPLAINT, WITH COUNTERCLAIM** |

Defendant Lewis Brisbois Bisgaard & Smith LLP, as and for its Answer to Plaintiff's Complaint, states as follows:

**INTRODUCTION**

Denies the allegations contained in the Introduction.

**PARTIES**

1. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1.

2. Denies the allegations contained in paragraph 2.

3. Denies the allegations contained in paragraph 3.

4. Denies the allegations contained in paragraph 4.

5. Denies the allegations contained in paragraph 5.

**JURISDICTION, VENUE, AND CONDITIONS PRECEDENT**

6. Denies the allegations contained in paragraph 6.

7. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7.

1

## FACTS

8. Denies the allegations contained in paragraph 8 and refers to the referenced pleadings for the contents thereof.

9. Denies the allegations contained in paragraph 9 and refers to the referenced pleadings for the contents thereof.

10. Denies the allegations contained in paragraph 10.

11. Denies the allegations contained in paragraph 11.

12. Denies the allegations contained in paragraph 12 and refers to the referenced pleadings for the contents thereof.

13. Denies the allegations contained in paragraph 13 and refers to the referenced pleadings for the contents thereof.

14. Denies the allegations contained in paragraph 14 and refers to the referenced pleadings for the contents thereof.

15. Denies the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16 and refers to the referenced pleadings for the contents thereof.

17. Denies the allegations contained in paragraph 17.

18. Denies the allegations contained in paragraph 18.

## COUNT ONE
Discrimination in Violation of R.C. 4112.02(I)
(Against All Defendants)

19. Repeats each and every response stated in paragraphs 1 through 18 as if set forth herein.

20. Denies the allegations contained in paragraph 20 and refers all questions of law to the Court.

21. Denies the allegations contained in paragraph 21 and refers all questions of law to the Court.

22. Denies the allegations contained in paragraph 22.

23. Denies the allegations contained in paragraph 23.

## COUNT TWO
Aiding and Abetting Discrimination in Violation of R.C. 4112.02(J)
(Against All Defendants)

24. Repeats each and every response stated in paragraphs 1 through 23 as if set forth herein.

25. Denies the allegations contained in paragraph 25 and refers all questions of law to the Court.

26. Denies the allegations contained in paragraph 26 and refers all questions of law to the Court.

27. Denies the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28.

## COUNT THREE
Retaliation in Violation of
Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a)
(Against Defendants UH Only)

29. Repeats each and every response stated in paragraphs 1 through 28 as if set forth herein.

30. Denies the allegations contained in paragraph 30.

31. Denies the allegations contained in paragraph 31.

32. Denies the allegations contained in paragraph 32.

33. Denies the allegations contained in paragraph 33.

## COUNT FOUR
Retaliation in Violation of the
Americans with Disabilities Act, 42 U.S.C. § 12203
(Against Defendants UH Only)

34. Repeats each and every response stated in paragraphs 1 through 33 as if set forth herein.

35. Denies the allegations contained in paragraph 35 and refers all questions of law to the Court.

36. Denies the allegations contained in paragraph 36 and refers all questions of law to the Court.

37. Denies the allegations contained in paragraph 37.

38. Denies the allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39.

40. Denies the allegations contained in paragraph 40.

## COUNT FIVE
Retaliation in Violation of the
Genetic Information Nondiscrimination Act, 42 U.S.C. § 2000ff-6(f)
(Against Defendants UH Only)

41. Repeats each and every response stated in paragraphs 1 through 40 as if set forth herein.

42. Denies the allegations contained in paragraph 42 and refers all questions of law to the Court.

43. Denies the allegations contained in paragraph 43 and refers all questions of law to the Court.

44. Denies the allegations contained in paragraph 44.

45. Denies the allegations contained in paragraph 45.

46. Denies the allegations contained in paragraph 46.

47. Denies the allegations contained in paragraph 47.

## COUNT SIX
Interference, Coercion, or Intimidation
in Violation of the Americans with Disabilities Act, 42 U.S.C. § 2330-(b)
(Against Defendants UH Only)

48. Repeats each and every response stated in paragraphs 1 through 47 as if set forth herein.

49. Denies the allegations contained in paragraph 49 and refers all questions of law to the Court.

50. Denies the allegations contained in paragraph 50 and refers all questions of law to the Court.

51. Denies the allegations contained in paragraph 51.

52. Denies the allegations contained in paragraph 52.

53. Denies the allegations contained in paragraph 53.

54. Denies any remaining allegations not specifically admitted.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses in response to Plaintiff's Complaint. Defendant adopts herein by reference and restates Co-Defendants' affirmative defenses. By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. In addition, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred by the doctrines of laches, waiver, estoppel, ratification, acquiescence, accord and satisfaction, res judicata, and/or unclean hands.

3. Some or all of the damages that Plaintiff seeks are not recoverable by law.

4. Plaintiff's claims fail because his discharge would have occurred regardless of Plaintiff's alleged request for an accommodation.

5. Plaintiff's claims fail because his discharge would have occurred regardless of his alleged disability or protected activity.

6. Plaintiff's Complaint is untimely and is barred by the applicable limitations and/or statute of limitations period.

7. Some or all of the Defendants in the Complaint are immune from liability.

8. Plaintiff cannot satisfy the "but for" cause for his claims.

9. To the extent that Plaintiff asserts a claim for retaliation – which he does not – Plaintiff cannot prove the elements of his *prima facie* case or that Defendants' legitimate, non-discriminatory reason was pretext for unlawful retaliation.

10. Plaintiff cannot prove pretext.

11. Plaintiff's claims are barred by res judicata and/or collateral estoppel.

12. Plaintiff's claims fail because he is a vexatious litigator and should be declared such pursuant to federal law.

13. Plaintiff's claims fail because he was declared a vexatious litigator pursuant to O.R.C. § 2323.52.

14. Plaintiff's claims fail because he failed to obtain leave of Court prior to filing his Complaint.

15. Plaintiff's claims fail because he did not dismiss the Complaint as required by the

Vexatious Litigator Order.

16. Plaintiff's Complaint violates federal court orders issued against him by Judge Daniel Polster and/or Judge David Ruiz.

17. Plaintiff's claims fail because they are frivolous and the filing is made to harass Defendants.

18. Plaintiff's claims fail because his Complaint and all actions related thereto are done in bad faith.

19. Plaintiff's claims fail because Plaintiff admits that his claims and allegations are the same asserted in his prior federal court case that was dismissed on the merits.

20. Plaintiff's claims are untimely.

21. The Ohio savings statute does not apply to Plaintiff's claims or the Complaint.

22. Plaintiff's allegations in the Complaint and claims fail because they are defamatory and/or slanderous.

23. Plaintiff's claims reportedly fail because he was not qualified to perform the essential functions of his position and he was unable to complete the requirements of UHCMC's residency program.

24. Some or all of Plaintiff's claims may fail due to Plaintiff engaging in criminal conduct and/or perjury.

25. Plaintiff failed to exhaust his administrative remedies.

26. Plaintiff is estopped by his own acts or omissions from bringing some or all of the claims in the Complaint.

27. Plaintiff has not sustained any damages proximately caused or actually caused by Defendant.

28. Plaintiff's claims are barred, in whole or in part, because he failed to mitigate his damages and/or alleged injuries.

29. In the event that Defendants discover any after-acquired evidence, Plaintiff's claims against Defendants and/or the relief sought by Plaintiff against Defendants may be barred by the doctrine of after-acquired evidence.

30. Plaintiff's claims fail because Defendants were unaware of any alleged disability suffered by Plaintiff and did not otherwise regard Plaintiff as disabled.

31. Plaintiff's claims fail because he is not disabled.

32. Defendants complied with all laws and regulations applicable to Plaintiff's claims.

33. Plaintiff was treated the same as all other employees.

34. Plaintiff's discharge was legitimate, non-discriminatory, and according to Defendants' lawful policies.

35. Injunctive relief is not available to Plaintiff because he has failed to demonstrate that monetary damages are an insufficient remedy.

36. Expectancy damages are not available to Plaintiff because Defendants' actions were legitimate, non-discriminatory, and according to Defendants' lawful policies.

37. Compensatory damages are not available to Plaintiff because Defendants' actions were legitimate, non-discriminatory, and according to Defendant's lawful policies.

38. Plaintiff's Complaint is frivolous and lacks merit.

39. Because Plaintiff's Complaint is frivolous and lacks merit, Plaintiff is not entitled to an award of costs for this action or attorney's fees.

40. Plaintiff's claims are barred by his own bad faith.

41. Plaintiff's claims fail as a matter of law because he cannot satisfy his *prima facie* cases.

42. Plaintiff cannot prove that Defendants' legitimate, non-discriminatory reason for its actions is pretext for unlawful discrimination or retaliation.

43. Plaintiff's claims fail as a matter of law because he cannot show that his alleged disability was the "but for" cause for his discharge.

44. Plaintiff's claim for disability discrimination fail because Plaintiff (1) is not disabled; (2) was not qualified for his position with or without an accommodation; and (3) could not perform the essential functions of his position with or without a reasonable accommodation.

45. Plaintiff's claims fail because Defendants acted in good faith at all times.
46. Plaintiff has not and is not suffering from emotional distress.

47. Plaintiff's claim for punitive damages is barred because the alleged acts or omissions of Defendant: (1) do not rise to the level required to sustain an award of punitive damages; (2) do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff his protected rights; (3) are not so wanton or willful as to support an award of punitive damages; and (4) do not otherwise entitle Plaintiff to punitive damages.

48. Plaintiff's claims punitive damages in his Complaint are barred because any allegedly discriminatory behavior is contrary to Defendants' good faith efforts to comply with all applicable state and federal laws and because Defendants' actions were legitimate, non-discriminatory, and according to Defendants' lawful policies .

49. Plaintiff's claim for punitive damages is barred and any award of such damages would violate Defendants' rights under the federal and state constitutions.

9

50. To the extent Plaintiff suffered any symptoms of emotional distress or injury, they were the result of a pre-existing psychological disorder or other causes or factors, and not the result of any act or omission of Defendants.

51. Plaintiff lacks standing to bring some or all of his claims.

52. Some or all of Plaintiff's claim fail as a matter of law because Plaintiff failed to satisfy statutory or common law prerequisites prior to filing his Complaint.

53. Any and all damage or injury complained of was proximately caused by intervening and superseding acts of persons or entities other than this answering Defendants.

54. Defendants are entitled to an apportionment of liability to other parties and non-parties to this action pursuant to R.C. 2307.23.

55. Plaintiff's Complaint fails because he concedes in the Complaint that he could not perform the essential function of his position with or without a reasonable accommodation.

56. Plaintiff's claims are barred on the grounds that Plaintiff failed to provide notice to Defendants of any discrimination or retaliation, if any, and/or failed to pursue internal procedures to remedy any such complaints or problems, and had Plaintiff utilized these procedures some or all of the harm allegedly suffered would have been prevented.

57. To the extent that Plaintiff complained about any alleged unlawful discriminatory conduct, Defendants took prompt remedial measures reasonably calculated to end any alleged unlawful discrimination.

58. Plaintiff's claims for retaliation fails as a matter of law because he cannot show that his alleged protected activity was the "but for" cause for his discharge.

59. Plaintiff's claim for aiding and abetting fails as a matter of law because it is inconsistent with Ohio law and federal law.

60. Plaintiff's claim for aiding and abetting fails as a matter of law because Defendants acted reasonable and lawful at all times.

61. Plaintiff's claims fail because he failed to engage in any alleged protected activity.

62. Plaintiff's claims fail because he was not employed by any of the Defendants at any time relevant to the allegations and claims at issue in the Complaint.

63. Plaintiff's claims fail because one or more of the Defendants cannot be held liable for Plaintiff's claims pursuant to the law.

64. Plaintiff's claims fail because Defendants acted in a manner consistent with Judge Polster's protective order.

65. Defendants had a good faith basis to file the Motion for Protective Order.

66. Plaintiff's claims fail because Defendants are not covered by the Genetic Information Nondiscrimination Act ("GINA").

67. Plaintiff's claims fail because Defendants did not have access to and did not possess Plaintiff's protected genetic information.

68. Plaintiff's claims fail because Defendants did not unlawful utilize Plaintiff's protected genetic information.

69. Plaintiff cannot satisfy the requirements to prove a claim pursuant to GINA.

70. Plaintiff's claims fail because Defendants did not unlawful request Plaintiff to any testing or procedures that violate GINA.

71. Any and all Defendants had a legitimate business need and lawful reason for all actions relevant to the allegations in the Complaint.

72. Lewis Brisbois Bisgaard & Smith LLP cannot be held liable for the allegations and claims asserted in the Complaint as a matter of law.

73. Plaintiff cannot prove the requirements to establish any agency or vicarious liability with respect to Lewis Brisbois Bisgaard & Smith LLP.

11

74. Plaintiff's claims and the Complaint are barred by res judicata and/or collateral estoppel by virtue of the orders issued by the United States District Court for the Northern District of Ohio and the Sixth Circuit Court of Appeals in the First Lawsuit and Second Lawsuit.

75. Defendants reserve the right to assert additional affirmative defenses at such time and to such extent as is warranted by discovery and developments in this case.

**WHEREFORE**, Defendant Lewis Brisbois Bisgaard & Smith LLP demands that judgment be entered as follows:

1. Dismissing the Complaint in its entirety with prejudice;

2. Denying all relief requested of Plaintiff;

3. Awarding costs and expenses in connection with this action, including reasonable attorneys' fees; and

4. Granting such other and further relief as is just and proper.

## COUNTERCLAIM AGAINST KRUDY

Pursuant to Rule 13(a) of the Federal Rules of Civil Procedure, Counterclaimant, Lewis Brisbois Bisgaard & Smith LLP (LBBS), by and through undersigned counsel, allege, aver, and state the following counterclaim against Plaintiff and Counterclaim Defendant, Nicholas Krudy (hereinafter, "Defendant" or "Krudy"). The following adopts herein and restates facts, assertions, and evidence from co-Defendants' Counterclaim against Krudy with Exhibits 1-17 at Docket Number 4.

## JURISDICTION

1. This Court has jurisdiction over this counterclaim because it is compulsory pursuant to Federal Rule of Civil Procedure 13(a) because it arises out of the same transaction or

occurrence that is the subject matter of Krudy's Complaint and does not require adding another party over whom the court cannot acquire jurisdiction.

2. The counterclaim is proper based on this Court's prior decision in *Conley v. Smith*, Case No. 5:08CV622, 2009 WL 5955989 (N.D. Ohio March 6, 2009).

3. A current case or controversy exists because Defendant is a vexatious litigator who has filed numerous charges and lawsuits against co-Defendants, their employees and agents, attorneys, and law firm(s), including LBBS.

4. Defendant has continued to file charges and lawsuits despite the fact that he reportedly ceased working for UHCMC in 2021.

5. Despite being declared a vexatious litigator pursuant to O.R.C. §2323.52, Krudy has sought leave to file the complaint at issue in this matter.

6. Accordingly, this Court has jurisdiction over this counterclaim.

### BACKGROUND FACTS AND CONDUCT OF KRUDY WITH CO-DEFENDANT UHCMC, AGAINST COUNSEL, AND LBBS

7. LBBS fully adopts herein and restates by reference the facts, assertions, and evidence from Co-defendants' Counterclaim against Krudy including all Exhibits at Docket Number 4, at Paragraphs 7 through 238.

8. Further, Krudy improperly names LBBS as well as former LBBS lawyers, David Campbell (Campbell) and Donald Slezak (Slezak).

9. Campbell and Slezak have not been employed by LBBS for several years, and LBBS has not been actively involved in any matters with Krudy since Campbell left—except when Krudy names LBBS in a lawsuit.

13

## COUNT I
## JUDICIAL DECLARATION

10. LBBS incorporates their allegations set forth in Paragraphs 1 through 9, including the incorporated Paragraphs 1 through 238 at Docket Number 4, as if fully rewritten herein.

11. As set forth above, Krudy has filed more than 40 charges and amendments against the Parties in this matter, employees of the Parties, attorneys and law firm(s) with various state and federal agencies.

12. Krudy has also filed the First Lawsuit, the Second Lawsuit, the First State Court Lawsuit, the Second State Court Lawsuit, and many appeals related to the orders issued by Judge Polster and Judge Ruiz in those lawsuits.

13. All of Krudy's Agency Charges, State Court lawsuits, and Federal Lawsuits are frivolous and have been filed simply to harass co-Defendants, attorneys, and law firm(s), including LBBS.

14. Unless declared a vexatious litigator, Krudy will continue to file charges and lawsuits.

15. Unless declared a vexatious litigator, Krudy will continue to file charges and lawsuits against co-Defendants, attorneys, and law firm(s), including LBBS.

16. Unless enjoined, Krudy will continue to seek leave from the courts to file many, many more lawsuits and filings for the foreseeable future.

17. This Court has the ability to issue a declaratory judgment declaring Krudy to be a vexatious litigator based upon 28 U.S.C. § 1651, 28 U.S.C. § 2201, and this Court's holdings in *Conley v. Smith*, Case No. 5:08CV622, 2009 WL 5955989 (N.D. Ohio March 6, 2009); *Sumbry v. State of Indiana, et al.*, No. 4:06-cv-1322, 2006 WL 3420206 (N.D. Ohio Nov. 27, 2006); *Lomaz v. Ohio Dept. of Commerce, Div. of State Fire Marshall*, No. 5:03-cv-2609, 2005 WL 1126746

(N.D. Ohio Apr. 20, 2006).LBBS further incorporates herein by reference the co-defendants' counterclaim at Paragraphs 249 through 261.

18. LBBS, therefore, is entitled to a judicial declaration that Krudy is a vexatious litigator and should be placed through a screening process prior to filing any lawsuits and/or charges against LBBS.

## COUNT II
## PRELIMINARY AND PERMANENT INJUNCTION

19. LBBS incorporates its allegations set forth in Paragraphs 1 through 19 of the counterclaim as if fully rewritten herein, including all additional allegations by co-defendants adopted herein by reference.

20. As set forth herein and by reference to co-defendants' counterclaim, Krudy has filed more than 40 charges and amendments against co-defendants, attorneys, and/or LBBS with various state and federal agencies.

21. Krudy has also filed the First Lawsuit, the Second Lawsuit, the First State Court Lawsuit, the Second State Court Lawsuit, and many appeals related to the orders issued by Judge Polster and Judge Ruiz in those lawsuits.

22. All of Krudy's Agency Charges, State Court lawsuits, and Federal Lawsuits are frivolous and have been filed simply to harass co-defendants, attorneys, and law firm(s), including LBBS.

23. Unless enjoined by this Court, Krudy will continue to file charges and lawsuits.

24. Unless enjoined by this Court, Krudy will continue to file charges and lawsuits even against LBBS, a law firm that has not employed Campbell or Slezak for years.

25. This Court has the ability to issue an injunction requiring Krudy to obtain leave from the Court prior to filing any lawsuits against LBBS based upon 28 U.S.C. § 1651, and the holdings in *Conley v. Smith*, Case No. 5:08CV622, 2009 WL 5955989 (N.D. Ohio March 6, 2009); *Sumbry v.*

15

Case: 1:25-cv-02291-DAR Doc #: 5 Filed: 10/30/25 16 of 19. PageID #: 583

*State of Indiana, et al.*, No. 4:06-cv-1322, 2006 WL 3420206 (N.D. Ohio Nov. 27, 2006); *Lomaz v. Ohio Dept. of Commerce, Div. of State Fire Marshall*, No. 5:03-cv-2609, 2005 WL 1126746 (N.D. Ohio Apr. 20, 2006); *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir.1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995); *Riccard v. Prudential Insurance Co.*, 307 F.3d 1277, 1294 (11th Cir 2002).

26. LBBS, therefore, is entitled to a preliminary and permanent injunction against Krudy from filing lawsuits and/or charges against LBBS without prior leave of this Court.

27. The injunction should provide that Krudy, or anyone on his behalf, shall be prohibited from filing any action, complaint, claim for relief, suit, controversy, cause of action, grievance, writ, petition, accusation, charge or any similar instrument against LBBS, outside attorneys and counsel, their present, former or future agents, representatives, employees, directors, officers, attorneys, parents, assigns, predecessors or successors, related entities, members, or insurers, in any court, forum, tribunal, self-regulatory organization or agency (including law enforcement), whether judicial, quasi-judicial, administrative, federal, state or local, including Bar disciplinary and/or grievance committees whether for pecuniary advantage or otherwise, without first obtaining leave of this Court.

## COUNT III
## TEMPORARY RESTRAINING ORDER

28. LBBS incorporates their allegations set forth in Paragraphs 1 through 28, including the incorporated herein Paragraphs and Exhibits of co-Defendants at Paragraphs 1 through 273 as if fully rewritten herein.

29. As set forth above, Krudy has filed more than 40 charges and amendments against co-Defendants, attorneys, and law firm(s), including LBBS with various state and federal agencies.

16

30. Krudy has also filed the First Lawsuit, the Second Lawsuit, the First State Court Lawsuit, the Second State Court Lawsuit, and many appeals related to the orders issued by Judge Polster and Judge Ruiz in those lawsuits.

31. All of Krudy's Agency Charges, State Court lawsuits, and Federal Lawsuits are frivolous and have been filed simply to harass co-Defendants, attorneys, and law firm(s), including LBBS.

32. Krudy filed the First State Court Lawsuit arising out of the same allegations from the Federal Lawsuits, both of which are on appeal with the Sixth Circuit Court of Appeals.

33. Unless this Court issues a temporary restraining order, Krudy will file continue to file lawsuit and charges against co-Defendants, co-Defendants employees, attorneys, and law firm(s), including LBBS, while this matter remains pending.

34. Indeed, Krudy has sought leave with the Cuyahoga County Court of Common Pleas to file the Complaint in this matter.

35. This Court has the ability to issue an injunction requiring Krudy to obtain leave from the Court prior to filing any lawsuits against LBBS based upon 28 U.S.C. § 1651, and the holdings in *Conley v. Smith*, Case No. 5:08CV622, 2009 WL 5955989 (N.D. Ohio March 6, 2009); *Sumbry v. State of Indiana, et al.*, No. 4:06-cv-1322, 2006 WL 3420206 (N.D. Ohio Nov. 27, 2006); *Lomaz v. Ohio Dept. of Commerce, Div. of State Fire Marshall*, No. 5:03-cv-2609, 2005 WL 1126746 (N.D. Ohio Apr. 20, 2006); *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir.1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995); *Riccard v. Prudential Insurance Co.*, 307 F.3d 1277, 1294 (11th Cir 2002).

36. LBBS, therefore, is entitled to a temporary restraining order against Krudy from filing lawsuits and/or charges against LBBS, its attorneys, present, former or future agents,

17

representatives, employees, directors, officers, attorneys, parents, assigns, predecessors or successors, related entities, members, or insurers, in any court, forum, tribunal, self-regulatory organization or agency (including law enforcement), whether judicial, quasi-judicial, administrative, federal, state or local, including Bar disciplinary and/or grievance committees whether for pecuniary advantage or otherwise, without first obtaining leave of this Court.

WHEREFORE, LBBS demands judgment and relief against Krudy as follows:

1. A judicial declaration that Krudy is a vexatious litigator;

2. A judicial declaration prohibiting Krudy, or anyone on his behalf, from filing any action, complaint, claim for relief, suit, controversy, cause of action, grievance, writ, petition, accusation, charge or any similar instrument against LBBS, its attorneys, present, former or future agents, representatives, employees, directors, officers, attorneys, parents, assigns, predecessors or successors, related entities, members, or insurers, in any court, forum, tribunal, self-regulatory organization or agency (including law enforcement), whether judicial, quasi-judicial, administrative, federal, state or local, including Bar disciplinary and/or grievance committees whether for pecuniary advantage or otherwise, without first obtaining leave of this Court.

3. Reasonable attorneys' fees;

4. Costs incurred in prosecuting this action; and

5. Any other appropriate relief that this Court deems just and equitable.

Respectfully Submitted,

 */s/ Ryan K. Rubin*
Ryan K. Rubin (0077367)
LEWIS BRISBOIS BISGAARD & SMITH LLP
1375 E. 9th Street, Suite 2250
Cleveland, Ohio 44114
Tel. 216.344.9422 / Fax 216.344.9421
Ryan.Rubin@lewisbrisbois.com
*Counsel for Defendant Lewis Brisbois Bisgaard & Smith LLP*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 30th day of October, 2025, a true and correct copy of the foregoing has been electronically filed using the CM/ECF System, and that notice of this filing will be sent to all of the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

Nicholas Krudy
P.O. Box 527
Novelty, OH 44072-0572
john@johnkoe.org
*Plaintiff Pro Se*

David A. Campbell
Donald Slezak
GORDON REES SCULLY MANSUKHANI, LLP
127 Public Square, Suite 5130
Cleveland, OH 44114
dcampbell@grsm.com
dslezak@grsm.com
*Counsel for Co-Defendants Defendants University Hospitals Health System, Inc., University Hospitals Cleveland Medical Center, David A Campbell, III and Donald G. Slezak*

             /s/ Ryan K. Rubin
             Ryan K. Rubin (0077367)
             LEWIS BRISBOIS BISGAARD & SMITH LLP