# UNITED STATES DISTRICT COURT
# NORTHEN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS KRUDY, | ) | CASE NO. 1:25-CV-02291 |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JAMES E. GRIMES, JR. |
| UNIVERSITY HOSPITALS HEALTH | ) | |
| SYSTEM, INC., *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

On October 23, 2025, this case was removed to this Court from the Cuyahoga County Common Pleas Court (Case No. CV-25-124953) by Defendants, University Hospital Health Systems, University Hospitals Cleveland Medical Center, Lewis Brisbois Bisgaard & Smith LLP, David A Campbell, III, and Donald G. Slezak (collectively referred to as "Defendants"). (R. 1) Plaintiff, Nicholas Krudy, ("Plaintiff") sued Defendants for alleged employment retaliation and abuse of process. (R. 1-2).

After removal, Defendants filed their Answer containing three Counterclaims against Plaintiff. (R. 4). Defendant Lewis Brisbois filed a separate Answer. (R. 5). Prior to reassignment of this case to this Court (R. 10), Plaintiff filed two motions, which the Court will now address.

First, Plaintiff moved for an extension of time to respond to Defendants' Counterclaims. (R. 8). He initially sought leave until January 15, 2026, to file his answer. (R. 8, PageID 596). Plaintiff additionally moved the Court for full access to file documents electronically within the Court's electronic filing system as a *pro se* litigant. (R. 9).

The Court GRANTS Plaintiff's Motion for Extension of Time to Respond. (R. 8). As the sought extension date has passed, Plaintiff shall have fourteen (14) days from the date of this Order to file an answer to Defendants' Counterclaims.

The Court, however, DENIES Plaintiff's Motion for Leave to File Electronically. (R. 9). The Court's Local Rules address this issue. Local Rule 5.1 provides, in pertinent part:

> [T]ypically only registered attorneys, as Officers of the Court, will be permitted to file electronically. The Judicial Officer may, at his or her discretion, grant a pro se litigant who demonstrates a willingness and capability to file documents electronically permission to register to do so.

LR 5.1(c).

Although this permission may be granted at the discretion of the Court, it is the preferred policy of this District to limit electronic filing access to registered attorneys, unless extenuating circumstances justify waiving this procedure. *See* United States District Court, Northern District of Ohio, Electronic Filing Policies and Procedures Manual (October 6, 2025) ("While parties and pro se litigants may register to receive 'read only' electronic filing accounts so that they may access documents in the system and receive electronic notice, typically only registered attorneys, as Officers of the Court, will be permitted to file electronically."). *See also Johnson v. Working America, Inc.*, No. 1:12CV1505, 2012 WL 5948639, *5 (N.D. Ohio Nov. 1, 2012) ("It is this District's preferred policy, however, to disallow pro se litigants access to electronic filing unless extenuating circumstances exist to justify waiving these procedures"), *report and recommendation adopted*, 2012 WL 5947607 (N.D. Ohio Nov. 28, 2012).

Neither *pro se* Plaintiff nor the record provide sufficient basis to support the request that would rise to extenuating circumstances or provide any specific basis to conclude that Plaintiff should be granted electronic filing privileges. Consistent with Local Rule 5.1(c), the motion for filing privileges is denied.

The Court, however, will construe the motion as an application for a read-only account, which allows litigants to electronically receive notifications and view the docket and documents. Plaintiff indicates he is aware of the Court's Local Rule and resources for *pro se* plaintiffs, which are available on the United States District Court, Northern District of Ohio website through the "pro-se-information" link. https://www.ohnd.uscourts.gov/pro-se-information. This includes an application for a "read only" account on CM/ECF, which does not require approval of the Court.

Therefore, Plaintiff's Motion for Extension (R. 8) is GRANTED. Plaintiff shall have 14 days from the Order date to file an Answer to the Counterclaims (R. 4).

Plaintiff's Motion to File Electronically (R. 9) is DENIED.

IT IS SO ORDERED.


Dated: February 9, 2026                       s/ *David A. Ruiz*
                                              David A. Ruiz
                                              United States District Judge