

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS KRUDY, | ) | |
| | ) | CASE NO. 1:25-cv-02291 |
| Plaintiff / Counterclaim-Defendant | ) | |
| | ) | JUDGE DAVID A. RUIZ |
| v. | ) | |
| | ) | |
| UNIVERSITY HOSPITALS | ) | |
| HEALTH SYSTEM, INC., et al., | ) | |
| | ) | |
| Defendants / Counterclaimants | ) | |

## MOTION TO DISMISS COUNTERCLAIMS

Counterclaim-Defendant Nicholas Krudy, pursuant to Fed. R. Civ. P. 12(b)(1) and

12(b)(6), respectfully moves to dismiss the Counterclaims of University Hospitals Cleveland

Medical Center and University Hospitals Health System, Inc. (collectively "University

Hospitals" or "UH") (ECF No. 4) and Lewis Brisbois Bisgaard & Smith LLP ("Lewis Brisbois")

(ECF No. 5) for the reasons set forth in the accompanying Memorandum in Support.

Dated: March 10, 2026

Respectfully submitted,

Nicholas Krudy

PO Box 527
Novelty OH 44072-0527

Tel: (330) 732-5001
Email: john@johnkoe.org

Counterclaim-Defendant, pro se

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS KRUDY, | ) | CASE NO. 1:25-cv-02291 |
| Plaintiff / Counterclaim-Defendant | ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) | |
| UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al., | ) ) ) | |
| Defendants / Counterclaimants | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

The Counterclaims of University Hospitals Cleveland Medical Center and University Hospitals Health System, Inc. (collectively, "University Hospitals" or "UH"), ECF No. 4, and Lewis Brisbois Bisgaard & Smith LLP ("Lewis Brisbois"), ECF No. 5, ask this Court to declare Nicholas Krudy a "vexatious litigator" and to grant injunctive relief barring future lawsuits, administrative charges, bar grievances, and complaints to law enforcement unless he first obtains leave of court. Both Counterclaims invoke the same circular jurisdictional and remedial theory, relying on Rule 13(a), 28 U.S.C. § 1651, and 28 U.S.C. § 2201. Neither Counterclaim pleads a valid basis for this Court's jurisdiction or states a claim under a recognized cause of action. The Counterclaims also demand extraordinary prior restraints barred by statutory and constitutional limitations that neither pleading addresses.

This memorandum addresses the legal sufficiency of both Counterclaims on their face. Unless otherwise noted, citations are to University Hospitals' Counterclaim, ECF No. 4. Lewis Brisbois expressly adopts and restates University Hospitals' allegations wholesale. (Lewis Brisbois Countercl. at 1, ECF No. 5; id. ¶¶ 7, 10, 19, 28.)

1

## FACTUAL BACKGROUND

The following facts are drawn from the Counterclaims' own allegations. Krudy is a former employee of University Hospitals. (UH Countercl. ¶ 4.) University Hospitals alleges that Krudy has filed "more than 40 charges and amendments" against University Hospitals, its employees, and its attorneys with various state and federal agencies. (*Id.* ¶ 240.) University Hospitals further alleges that Krudy has filed multiple federal and state lawsuits and appeals. (*Id.* ¶ 241.) University Hospitals characterizes all of Krudy's filings as "frivolous" and motivated by a desire to "harass." (*Id.* ¶ 242.)

University Hospitals alleges that Krudy has been declared a vexatious litigator under Ohio Revised Code § 2323.52 and has sought leave to file the complaint at issue in this action. (UH Countercl. ¶ 5.) Lewis Brisbois adopts these factual allegations and additionally asserts that Krudy has filed charges and lawsuits against Lewis Brisbois. (Lewis Brisbois Countercl. ¶¶ 3, 7, 10.)

Both Counterclaims assert three counts: Count I seeks a judicial declaration that Krudy is a "vexatious litigator"; Count II seeks a preliminary and permanent injunction; and Count III seeks a temporary restraining order. (UH Countercl. ¶¶ 239–283; Lewis Brisbois Countercl. ¶¶ 10–36.) Both Counterclaims seek attorneys' fees and costs. (UH Countercl. Prayer ¶¶ 3–4; Lewis Brisbois Countercl. Prayer ¶¶ 3–4.)

## LEGAL STANDARD

### A. Rule 12(b)(1): Subject-Matter Jurisdiction

A motion under Rule 12(b)(1) challenges the court's subject-matter jurisdiction. The party invoking federal jurisdiction bears the burden of establishing it. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Where, as here, the challenge is facial—based on the allegations of the

2

pleading itself—the court accepts the well-pleaded factual allegations as true but examines whether they are sufficient to invoke jurisdiction. If the court lacks subject-matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3).

**B. Rule 12(b)(6): Failure to State a Claim**

To survive a motion to dismiss under Rule 12(b)(6), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading seeking affirmative relief must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The court need not accept as true legal conclusions or unwarranted factual inferences.

## ARGUMENT

### I. The Counterclaims Should Be Dismissed Under Rule 12(b)(1) Because They Do Not Plead a Valid Basis for Subject-Matter Jurisdiction.

University Hospitals and Lewis Brisbois bear the burden of establishing subject-matter jurisdiction over their Counterclaims. *Lujan*, 504 U.S. at 561. They have not carried that burden. Both Counterclaims plead the same defective jurisdictional theory, alleging that jurisdiction exists "because [the counterclaim] is compulsory pursuant to Federal Rule of Civil Procedure 13(a) because it arises out of the same transaction or occurrence that is the subject matter of Krudy's Complaint." (UH Countercl. ¶ 1; Lewis Brisbois Countercl. ¶ 1.)

That is insufficient. Rule 13(a) is a pleading rule that governs whether a counterclaim is compulsory; it does not confer subject-matter jurisdiction. The Federal Rules "do not extend . . . the jurisdiction of the district courts." Fed. R. Civ. P. 82. To invoke this Court's jurisdiction, Counterclaimants must plead an independent basis under 28 U.S.C. § 1331, 28 U.S.C. § 1332, or facts establishing supplemental jurisdiction under 28 U.S.C. § 1367. They have done none of these.

Neither Counterclaim invokes diversity jurisdiction under 28 U.S.C. § 1332, and diversity is unavailable at least as to University Hospitals because both University Hospitals and Krudy are citizens of Ohio. Neither Counterclaim invokes federal-question jurisdiction under 28 U.S.C. § 1331 or identifies any federal statute creating a private right of action to obtain a "vexatious litigator" declaration or prefiling injunction. The Declaratory Judgment Act is remedial only and "does not extend" federal jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). The All Writs Act likewise presupposes jurisdiction and

4

authorizes writs only "in aid of" existing jurisdiction. 28 U.S.C. § 1651(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 31–33 (2002).

Nor do the Counterclaims plead facts establishing supplemental jurisdiction. Section 1367(a) extends supplemental jurisdiction only to claims "so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). That standard requires a common nucleus of operative fact. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). A bare assertion that a counterclaim is "compulsory" under Rule 13(a) does not satisfy this standard. Plaintiff's claims seek redress in connection with specific retaliatory acts. The Counterclaims, by contrast, demand a prospective, any-forum prefiling injunction—a sweeping prior restraint on petitioning activity that is categorically different in kind from Krudy's retaliation claims.

Because neither Counterclaim pleads a valid basis for original jurisdiction or facts satisfying § 1367(a), both must be dismissed for lack of subject-matter jurisdiction.

## II. The Counterclaims Should Be Dismissed Under Rule 12(b)(6) Because They Fail to State a Claim Upon Which Relief Can Be Granted.

The Counterclaims also fail to state a claim upon which relief can be granted. They demand forms of relief—declaratory judgment, injunction, temporary restraining order—without identifying a cause of action that would entitle them to that relief.

## A. The Counterclaims Plead Remedies, Not Claims Under Any Recognized Cause of Action.

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," separate from "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). A declaration, an injunction, and a temporary restraining order are forms of relief, not causes of

5

action. A party who seeks to sue must assert a cause of action by showing that "(1) her legal rights have been violated and (2) the law authorizes her to seek judicial relief." *Livingston v. Jay Livingston Music, Inc.*, No. 24-5263, slip op. at 13 (6th Cir. July 7, 2025) (Readler, J., concurring) (citing *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)). The Declaratory Judgment Act "does not create an independent cause of action"; the availability of declaratory relief "presupposes 'the existence of a judicially remediable right.'" *Id.* at 13–14 (quoting *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007), and *Schilling v. Rogers*, 363 U.S. 666, 677 (1960)). When a party seeks a declaratory judgment, the "underlying cause of action" is the thing "actually" being "litigated." *Id.* at 14 (quoting *Collin County v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990)).

Count I does not state a claim under any recognized cause of action. University Hospitals alleges that "[t]his Court has the ability to issue a declaratory judgment declaring Krudy to be a vexatious litigator" under 28 U.S.C. §§ 1651 and 2201 and cited decisions. (UH Countercl. ¶¶ 248, 262.) It adds factual and comparative allegations and concludes that Counterclaimants are "therefore" entitled to a judicial declaration. But an assertion that the Court possesses authority to fashion a remedy is not a claim stated under a recognized cause of action. It is a demand for the exercise of judicial power—without identifying any underlying cause of action being litigated. That is insufficient under Rule 8 and fails under Rule 12(b)(6).

Counts II and III fail for the same reason—both allege only that the Court "has the ability" to issue injunctive relief under 28 U.S.C. § 1651 and then assert entitlement to that relief in the absence of any recognized cause of action. (UH Countercl. ¶¶ 271–73, 282–83.) Again, an assertion of remedial power is not a claim stated under any recognized cause of action.

## B. The Decisions Cited in the Counterclaims Do Not Establish a Private Federal Cause of Action for Prefiling Restraints.

Counterclaimants cite a line of decisions purportedly supporting the declaration and injunction they demand. (UH Countercl. ¶¶ 2, 248, 250–58, 271, 282; Lewis Brisbois Countercl. ¶¶ 2, 17, 25, 35.) None recognizes a federal cause of action entitling a private party to the relief sought here.

Counterclaimants assert that the Counterclaim "is proper based on this Court's prior decision in Conley v. Smith." (UH Countercl. ¶ 2.) But Conley rejected a similar declaratory-judgment complaint as nonjusticiable for lack of an "actual controversy" and, alternatively, because the dispute was not fit for resolution via a declaratory-judgment action. (*Conley v. Smith*, No. 5:08-cv-00622, ECF No. 27 (N.D. Ohio Mar. 6, 2009).) Conley supports dismissal, not entitlement.

The remaining authorities likewise do not support entitlement. They reflect exercises of inherent judicial power to address baseless and abusive filings, not recognition of a freestanding federal cause of action. *Sumbry v. State of Indiana*, No. 4:06-cv-1322, 2006 WL 3420206, at *1 (N.D. Ohio Nov. 27, 2006), and *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480, at *1 (6th Cir. Mar. 15, 1995), involved courts sanctioning a demonstrated pattern of baseless and abusive filings—not private parties suing to obtain declarations against opponents. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987), likewise concerned the court's exercise of its inherent power, not a cause of action belonging to a private plaintiff. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1285, 1298–99 (11th Cir. 2002), arose from a court's exercise of sanction authority in ongoing litigation and contempt proceedings; it did not recognize a separate federal cause of action for a prior restraint on another person's future

7

petitioning activity. *Lomaz* reflects a federal court's application of Ohio's vexatious-litigant statute, R.C. 2323.52, while sitting in diversity. (*Lomaz v. Ohio Dep't of Com., Div. of State Fire Marshal, No.* 5:03-cv-02609, ECF No. 42 (N.D. Ohio Apr. 20, 2005).)

In short, every authority Counterclaimants cite confirms that prefiling restrictions are a tool of judicial administration, not a private cause of action that one litigant may assert against another.

## C. The Declaratory Judgment Act and All Writs Act Do Not Authorize the Relief Sought.

The Declaratory Judgment Act authorizes a federal court to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Congress deliberately excluded "status" from the federal Declaratory Judgment Act, limiting declarations to "rights and other legal relations" of interested parties. *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 242 (1952). The Counterclaims' demand for a declaration that Krudy is a "vexatious litigator" seeks precisely the sort of status declaration that Congress chose not to authorize.

Looking past the label, Prayer ¶ 2 is injunctive relief in substance—it asks this Court to prohibit Krudy from filing in any forum without prior leave of court. That is an injunction, not a declaratory judgment.

The All Writs Act does not supply what the Declaratory Judgment Act does not. It authorizes only writs "in aid of" existing jurisdiction and only those "agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). It is not a roving commission to grant whatever coercive relief a litigant wants. And it does not convert remedial authority into a cause of action.

In any event, the specific restraints Counterclaimants demand cannot be granted because they are foreclosed by both statutory and constitutional limitations on this Court's power.

**D. The Norris-LaGuardia Act Divests This Court of Jurisdiction to Issue Injunctions Sought.**

The Norris-LaGuardia Act provides that "[n]o court of the United States . . . shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute." 29 U.S.C. § 101. The "critical element" is whether "the employer-employee relationship [is] the matrix of the controversy." *Jacksonville Bulk Terminals, Inc. v. Int'l Longshoremen's Ass'n*, 457 U.S. 702, 712–13 (1982) (quoting *Columbia River Packers Ass'n, Inc. v. Hinton*, 315 U.S. 143, 147 (1942)). Where it applies, the Act divests the federal courts of jurisdiction to grant injunctive relief unless the plaintiff satisfies each of the prerequisites Congress prescribed in 29 U.S.C. § 107(a)–(e).

Counterclaimants' own allegations make the employer-employee relationship the matrix of this controversy. The Counterclaims identify Krudy as a former employee and allege that the charges, lawsuits, and other activity they seek to enjoin concern the terms or conditions of employment. This is a case involving or growing out of a labor dispute under the Act. 29 U.S.C. §§ 101, 113(a), (c). Yet the Counterclaims do not attempt to plead any of the prerequisites required under § 107. This Court therefore lacks jurisdiction to issue the restraining order or injunction demanded in Counts II and III.

Congress enacted the Norris-LaGuardia Act for precisely this situation—to end federal-court intervention at the behest of employers through injunctions against working people attempting to improve the terms and conditions of employment. The Supreme Court has observed that such intervention had caused "the federal judiciary to fall into disrepute among large segments of this Nation's population." *Jacksonville Bulk Terminals*, 457 U.S. at 715. The

9

All Writs Act does not provide a path around the Act's limits; it cannot be used to evade the express restrictions Congress placed on the power of the federal courts in this type of case.

**E. The Counterclaims Seek an Unconstitutional Prior Restraint on the Right to Petition.**

The First Amendment prohibits the government from abridging freedom of speech and the right "to petition the Government for a redress of grievances." U.S. Const. amend. I. Federal courts possess inherent power "to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984). But that power belongs to the court, not to private litigants—its exercise is not "dependent upon the actions of another branch of government or upon the entitlement of a private party to injunctive relief." *Id.* And because inherent powers are potent, courts must exercise them "with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

The Counterclaims invert that framework. University Hospitals, Lewis Brisbois, and their counsel ask this Court to prohibit Krudy from filing any action, charge, petition, grievance, or complaint in any forum—including state courts, federal Executive Branch agencies, law enforcement authorities, and bar disciplinary authorities—unless he first obtains leave of this Court. That is not the same as a court exercising its inherent authority to protect its own Article III function. It is a demand that the Court exceed its Article III role by imposing a prior restraint on speech and petitioning activity across every branch and level of government, for an objective that is illegal under federal law: to "restrain an employee in the exercise of his right to file charges." *Nash v. Florida Industrial Comm'n*, 389 U.S. 235, 238 (1967).

10

**CONCLUSION**

For the foregoing reasons, Counterclaim-Defendant Nicholas Krudy respectfully requests that this Court dismiss the Counterclaims under Rule 12(b)(1) for lack of subject-matter jurisdiction and, alternatively, under Rule 12(b)(6) for failure to state a claim, and grant such other relief as the Court deems just and proper. Leave to amend would be futile because the fundamental defects—the absence of subject-matter jurisdiction, the absence of any recognized cause of action, and the statutory and constitutional bars to the relief demanded—cannot be cured by repleading.

Dated: March 10, 2026

Respectfully submitted,

Nicholas Krudy

PO Box 527
Novelty OH 44072-0527

Tel: (330) 732-5001
Email: john@johnkoe.org

Counterclaim-Defendant, pro se

11

## CERTIFICATE OF SERVICE

I certify that on March 10, 2026, I presented the foregoing Motion to Dismiss Counterclaims and Memorandum in Support to the Clerk of Court for filing by hand delivery. Upon filing, the Court's CM/ECF system will electronically serve all counsel of record who have appeared in this matter.

Nicholas Krudy

## CERTIFICATION UNDER LOCAL RULE 7.1(f)

Pursuant to Local Rule 7.1(f), I certify that this case has not yet been assigned to a track and that this memorandum, excluding this certificate and the certificate of service, is 11 pages and complies with the 20-page limitation for unassigned cases.

Nicholas Krudy

## CERTIFICATE OF SERVICE

I certify that on March 10, 2026, I presented the foregoing Motion to Dismiss and

Memorandum in Support to the Clerk of Court for filing by hand delivery. Upon filing, the

Court's CM/ECF system will electronically serve all counsel of record who have appeared in this

matter.

_____
Nicholas Krudy