**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS KRUDY, | : | |
| | : | CASE NO. 1:25-cv-02291-DAR |
| Plaintiff, | : | |
| | : | |
| v. | : | JUDGE DAVID A. RUIZ |
| | : | |
| UNIVERSITY HOSPITALS HEALTH | : | |
| SYSTEM, INC., et al. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM IN OPPOSITION OF DEFENDANTS**
**UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., UNIVERSITY**
**HOSPITALS CLEVELAND MEDICAL CENTER, DAVID A. CAMPBELL,**
**III, AND DONALD G. SLEZAK TO PLAINTIFF'S MOTION FOR**
**EXTENSION OF TIME TO RESPOND TO COUNTERCLAIMS AND**
**FOR LEAVE TO FILE MOTION TO DISMISS INSTANTER**

## I.    INTRODUCTION

Plaintiff Nicholas Krudy ("Plaintiff") has been identified as a vexatious litigator under

Ohio law and ordered to pay fees for his most recent state court lawsuit.  Despite the state court

orders, Plaintiff filed this lawsuit days before the state court entered summary judgment on

Plaintiff's claims in his third lawsuit against Defendants University Hospitals Health System, Inc.,

("UHHS") University Hospitals Cleveland Medical Center ("UHCMC"), David A. Campbell, III

("Campbell"), and Donald G. Slezak ("Slezak") (collectively, "Defendants").

On October 30, 2025, Defendants filed an answer and counterclaim in this lawsuit.

Plaintiff has still not answered the counterclaims.  Rather, Plaintiff filed an initial motion for

extension asking this Court for a 75 day extension through January 15, 2026.  (ECF #8, pg. 4).

Plaintiff did not file an answer by January 15, 2026.  Rather, Plaintiff alleges that he never

1

reviewed the docket and was unaware of his answer due date until he received notice of Defendants' motion for default judgment.

When considering whether to enter default judgment, the Sixth Circuit instructs courts to take into account the following factors: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002). In this case all of the factors weigh in favor of entering a default judgment against Plaintiff. Plaintiff has failed to answer the counterclaim for months while he actively litigated his other cases against Defendants.  In fact, Plaintiff filed new charges with the Ohio Civil Rights Commission and the National Labor Relations Board that purport to address the litigation Plaintiff has adverse to Defendants.

Needless to say, if this Court does not act Plaintiff will continue his course of harassment against Defendants.  This Court should follow the Sixth Circuit's recent holding in *Anderson v. Corrigan*, Case No. 23-4032, 2024 WL 5278791 (6th Cir. July 1, 2024), and dismiss Plaintiff's claim and enter a vexatious litigator order on Plaintiff.  *Id.* at *2-3.  "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).  Plaintiff's litigation efforts demand such prefiling restrictions and the final end of his five year litigation quest against UHHS, its subsidiaries, its employees, and its agents.

## II.    <u>PROCEDURAL HISTORY</u>

This is the fourth lawsuit filed by Plaintiff against UHHS and its subsidiaries, employees and agents.  Plaintiff has filed two prior federal court lawsuits in 2022 and 2024.  (ECF #4 at

¶¶110-111).  In 2025, while the two federal lawsuits were on appeal to the Sixth Circuit, Plaintiff filed a third lawsuit in the Cuyahoga Court of Common Pleas.  (ECF #4 at ¶¶164-176 and 181). On October 20, 2025, the state court granted summary judgment in favor of Defendants in the third lawsuit.  (ECF #4 at ¶184).  While the motion for summary judgment was pending, Plaintiff filed this lawsuit on September 19, 2025.  (ECF #4 at ¶186).

Defendants timely removed this lawsuit on October 23, 2025.  (ECF #1).  On October 30, 2025, Defendants filed an answer to the complaint and counterclaims against Plaintiff.  (ECF #4). Plaintiff filed a motion for leave to plead on November 21, 2025 asking for an extension through January 15, 2026 – 75 days after the counterclaim was filed.  (ECF #8, pg. 4).  Based on the Motion, Plaintiff filed the November 21 motion in person.  (ECF #17).

Plaintiff did not move or plead by January 15, 2026.  Based on the Motion, Plaintiff alleges that he did not review the docket or take any other action after November 21, 2025 until he received the motion for default judgment.  (ECF #17).  Rather, on February 9, 2026, this Court granted a fourteen-day extension.  (ECF #12, pg. 3).  The motions for default judgment were filed on February 25, 2026 (ECF #13) and February 27, 2026 (ECF #14).  Defendants' emailed the motion the day it was filed to john@johnkoe.org.  Plaintiff waited until March 10, 2026 – 13 days after Defendants' motion for default judgment was filed – to respond to the motion for default judgment. (ECF #17).

An Answer still has not been filed by Plaintiff.  Rather, Plaintiff seeks leave to file a frivolous motion to dismiss.  (ECF #15).  Plaintiff alleges that this Court somehow lacks subject matter jurisdiction over Defendants' counterclaims and that the claims lack merit based on a variety of arguments including Plaintiff's claim that this injunction derives from Plaintiff's former employment with UHMC.  (ECF #15).

3

### III.  <u>PLAINTIFF'S LITIGATION EFFORTS OVER THE LAST FIVE MONTHS</u>

Although claiming that he needs months to oppose Defendants' counterclaims in this Court, Plaintiff has been highly involved in his litigation against Defendants since Defendants filed their answer and counterclaim on October 30, 2025.  The following are some of the key events that occurred over this time period:

- On October 30, 2025, Plaintiff sought an extension of the time to appeal to the United States Supreme Court;
- The state court in case CV-25-112548 issued its vexatious litigator order against Plaintiff;
- On November 5, 2025, Plaintiff made a filing in the Eighth District to include the vexatious litigator order in his appeal;
- On November 7, 2025, Plaintiff filed an amended docketing statement in the Ohio appeal;
- On November 11, 2025, Plaintiff emailed counsel regarding the case management conference order issued in this case.  The order was issued on November 5, 2025 and Plaintiff had a pdf copy of the order;
- On November 18, 2025, Plaintiff followed-up on the case management conference order;
- On November 19, 2025, Plaintiff asked counsel for a brief extension to respond to the counterclaims in this lawsuit;
- On November 21, 2025, Plaintiff again emailed counsel regarding the case management conference order;
- On December 2, 2025, Plaintiff filed charges against Defendants in the Ohio Civil Rights Commission;
- On December 3, 2025, Plaintiff sought an extension to respond to Defendants' motion for fees in the state court action;
- On December 10, 2025, Plaintiff filed a motion to extend his briefing deadline in the Ohio appeal;
- On December 15, 2025, Plaintiff filed a motion for reconsideration in the Ohio appeal of a remand order;
- On December 22, 2025, Plaintiff filed an opposition in the Ohio appeal;
- On December 23, 2025, Plaintiff provided the case numbers of the NLRB charges he filed against Defendants in December;
- On January 5, 2026, following the remand of the Ohio appeal, Plaintiff emailed the state court on the fees hearing;
- On January 15, 2026, Plaintiff asked counsel for an extension of his filing in this case;
- On January 28, 2026, Plaintiff filed an appellate brief in the Ohio appeal;
- On January 28, 2026, a fee hearing was held in the Ohio court;
- On February 3, 2026, the Ohio court issued a fee award against Plaintiff;

- On February 13, 2026, Plaintiff's motion to amend his notice of appeal to include the fee award was granted; and
- On March 12, 2026, Plaintiff filed an NLRB charge alleging that Defendants' filings in this lawsuit violated the National Labor Relations Act.

## IV.  ARGUMENT

At this stage of the litigation the issue is whether this Court will grant Plaintiff yet another extension of time and prolong Plaintiff's litigation efforts against Defendants or enter default judgment.  When considering whether to enter default judgment, the Sixth Circuit instructs courts to take into account the following factors: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits."  *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).

The first factor – prejudice – is unquestionably present.  Plaintiff has continued his harassment of Defendants despite the state court vexatious litigator filing.  As to the merits,"[t]here is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."  *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). Defendants' complaint is sufficient and there are no disputed material facts – Plaintiff refuses to file an answer because he would have to admit to his five years of litigation.  Finally, as to the money at stake, UHHS and its subsidiaries should not be subjected to months more of litigation costs due to Plaintiff's litigation tactics.

This Court should follow the Sixth Circuit's recent holding in *Anderson v. Corrigan*, Case No. 23-4032, 2024 WL 5278791 (6th Cir. July 1, 2024).  The plaintiff in *Anderson* "filed one frivolous and vexatious lawsuit after another. . . ." *Id.* at *2.  In the final case that was on appeal,

the district court sua sponte dismissed the complaint and entered "additional filing restrictions on

Anderson." *Id.*

On appeal, the plaintiff sought to overturn the vexatious litigator holding.  The Sixth Circuit

explained the district court's holding:

> Because of Anderson's lengthy history of filing frivolous lawsuits collaterally attacking the state-court judgment, the district court declared Anderson a vexatious litigator and enjoined him from filing any future lawsuit without seeking leave of court. Additionally, the court ordered Anderson to certify under penalty of perjury that any tendered lawsuit involves a nonfrivolous new issue and is brought in good faith. Lastly, Anderson must list any prior complaint he has previously filed against a defendant in the tendered lawsuit and attach a copy of the prior complaint. The court ordered its clerk of court not to file any document submitted by Anderson until he obtains leave of court and cautioned him that failure to comply with these restrictions could result in finding that he is in contempt of court.

*Id.* at *2.

On appeal, the Sixth Circuit affirmed the dismissal of the lawsuit and the vexatious litigator

designation.  *Id.* at *2.  As in *Anderson*, Krudy has a long history of vexatious litigation.  Despite

the fact that Plaintiff's employment with UHCMC ended in 2021, Plaintiff has continued his

litigation efforts into 2026.  In fact, although not filing an answer to the counterclaim, Plaintiff

filed an NLRB charge addressing Defendants' federal filings in this lawsuit.  Without a vexatious

litigator designation from this Court, Plaintiff will continue his vexatious litigation for years to

come.

## V.     **CONCLUSION**

Based on the above-cited arguments and authorities, this Court should deny Plaintiff's

motion for extension of time and enter a default judgment against Plaintiff.  In addition, this Court

should follow the Sixth Circuit's recent holding in *Anderson v. Corrigan*, Case No. 23-4032, 2024 WL 5278791 (6th Cir. July 1, 2024) and terminate this matter.

Respectfully submitted,

/s/ David A. Campbell
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Gordon Rees Scully Mansukhani, LLP
127 Public Square, Suite 5130
Cleveland, Ohio 44114
T: (216) 302-2531
Email: dcampbell@grsm.com
dslezak@grsm.com

*Attorneys for University Hospitals Cleveland Medical Center, University Hospitals Health System, Inc., David A. Campbell, III, and Donald G. Slezak*

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed with the Court and electronically served on counsel on March 24, 2026.  A copy was also emailed to UHCMC at john@johnkoe.org. A copy was also served on plaintiff  via overnight mail at his P.O.Box No. 527, Novelty, Ohio 44072.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Gordon Rees Scully Mansukhani, LLP

*One of the attorneys for Plaintiff*