FILED

APR 03 2026

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS KRUDY, | ) | |
| | ) | CASE NO. 1:25-cv-02291 |
| Plaintiff / Counterclaim-Defendant | ) | |
| | ) | JUDGE DAVID A. RUIZ |
| v. | ) | |
| | ) | |
| UNIVERSITY HOSPITALS | ) | |
| HEALTH SYSTEM, INC., et al, | ) | |
| | ) | |
| Defendants / Counterclaimants | ) | |

**REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO RESPOND TO COUNTERCLAIMS AND FOR LEAVE TO FILE MOTION TO DISMISS INSTANTER**

Counterclaim-Defendant Nicholas Krudy respectfully submits this reply in support of his Motion for Extension of Time to Respond to Counterclaims and for Leave to File Motion to Dismiss Instanter (the "Motion") (ECF 17). Defendants University Hospitals Health System, Inc., University Hospitals Cleveland Medical Center, David A. Campbell, III, and Donald G. Slezak (collectively, the "University Hospitals Defendants") filed a memorandum in opposition to the Motion (ECF 19). Counterclaimant Lewis Brisbois Bisgaard & Smith LLP ("Lewis Brisbois") joined that opposition (ECF 20).

The University Hospitals Defendants' opposition and Lewis Brisbois's joinder miss the point. The question now is simple: should the Court deem Plaintiff's already-filed Motion to Dismiss Counterclaims (the "Motion to Dismiss") (ECF 15) operative as of March 10, 2026 and decide it in the ordinary course, or should it proceed by default instead. Rule 6(b)(1)(B) permits relief for good cause shown where the failure to act resulted from excusable neglect. That standard is satisfied here.

1

Default is a "drastic step," and cases should be decided on the merits where reasonably possible. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983); *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990). That is especially true here, where Plaintiff has already filed a Rule 12(b) motion directed to the Counterclaims. On March 10, 2026, Plaintiff filed the Motion to Dismiss. The present Motion asks the Court to grant Rule 6(b)(1)(B) relief and deem the Motion to Dismiss filed instanter as of March 10, 2026. The University Hospitals Defendants' opposition proceeds largely as though no response has been filed. That is not the posture.

Good cause exists, and the missed deadline was not willful. The February 9, 2026 Order was mailed to an address different from the P.O. Box address of record that Plaintiff has consistently used and confirmed in this action. Plaintiff did not receive that mailing. Once Plaintiff learned of the Order and the deadline through the default filings, he acted promptly and filed both the Motion to Dismiss and the Motion on March 10, 2026. That is not the conduct of a party refusing to respond. It is the conduct of a party who, upon receiving actual notice, promptly placed a substantive Rule 12 response before the Court and sought leave to have it accepted.

The University Hospitals Defendants and Lewis Brisbois also do not show the kind of prejudice that could justify default. They do not identify lost evidence, impaired discovery, or any concrete litigation harm from allowing the Court to decide the Motion to Dismiss. Mere delay is not enough. *United Coin*, 705 F.2d at 845. The Motion to Dismiss has been on file since March 10, 2026. The University Hospitals Defendants and Lewis Brisbois remain free to oppose that motion on the merits in the ordinary course. Their assertion of urgent prejudice is therefore difficult to square with ordinary motion practice.

2

Presently, the University Hospitals Defendants and Lewis Brisbois have elected to stand on the Counterclaims as pleaded and to pursue default-based relief rather than address the dispositive threshold issues raised by the Motion to Dismiss in the ordinary course. They have not amended, and they have not, to date, filed any merits opposition addressing the dispositive threshold issues raised by the Motion to Dismiss. They chose instead to oppose the Motion and to press their pending default motions. That choice undercuts any claim of urgency or concrete prejudice.

The practical answer is straightforward. Once a motion to dismiss is pending, there is ordinarily no reason to require a pleading before that motion is resolved. The better course is therefore to deny the pending default motions and related default-based relief, deem the Motion to Dismiss filed instanter as of March 10, 2026, and resolve the dispositive threshold issues raised by the Motion to Dismiss in the ordinary course. If any part of the Counterclaims survives, the time to answer can be addressed then under Rule 12(a)(4).

The University Hospitals Defendants' opposition, joined by Lewis Brisbois, goes further and urges the Court to deny leave, enter default judgment, and proceed toward broader extraordinary relief. But that only confirms why the Court should keep this matter in proper procedural sequence. The immediate issue is whether Plaintiff's already-filed Motion to Dismiss should be allowed to stand. It should.

For those reasons, Counterclaim-Defendant respectfully requests that the Court grant the Motion, deem the Motion to Dismiss filed instanter as of March 10, 2026, deny the pending default motions (ECF Nos. 13 and 14) and related default-based relief, and grant such other relief as the Court deems just and proper.

3

Dated: April 3, 2026

Respectfully submitted,

Nicholas Krudy

PO Box 527
Novelty OH 44072-0527

Tel: (330) 732-5001
Email: john@johnkoe.org

Counterclaim Defendant, pro se

4

## CERTIFICATE OF SERVICE

I certify that on April 3, 2026, I presented the foregoing Reply in Support of Motion for Extension of Time to Respond to Counterclaims and for Leave to File Motion to Dismiss Instanter to the Clerk of Court for filing by hand delivery. Upon filing, the Court's CM/ECF system will electronically serve all counsel of record who have appeared in this matter.

Nicholas Krudy